### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| **EVELYN WYNN,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | **CIVIL ACTION NO. 4:23-cv-297** |
| § | |
| **MERIDIAN SECURITY INSURANCE** § | |
| **COMPANY,** § | |
| § | |
| *Defendant.* § | |

**DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and Rule 81.1 of the Local Civil Rules of the United States District Court for the Northern District of Texas, Defendant Meridian Security Insurance Company ("Meridian") files this Notice of Removal and respectfully shows:

### I.
### REMOVAL IS PROPER

1. This is a civil action subject to the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and subject to removal to this Court pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2. On February 17, 2023, Plaintiff Evelyn Wynn filed this action against Meridian, styled *Evelyn Wynn v. Meridian Security Insurance Company*, Cause No. 048-340318-23 in the 48th Judicial District Court of Tarrant County, Texas. (Plaintiff's Original Pet., Ex. A, Tab 2). Plaintiff served Meridian on February 24, 2023. (Return of Service, Ex. A, Tab 4).

**A.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES**

3. Plaintiff is an individual domiciled in Tarrant County, Texas, and is a citizen of

Texas.

4. Meridian is a corporation organized under the laws of the State of Indiana with its principal place of business located in Carmel, Indiana. A corporation is a citizen of the state in which it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Therefore, for diversity purposes, Meridian is a citizen of Indiana. Thus, complete diversity exists.

**B.    THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

5. Plaintiff's pleading asserts that she seeks damages of $250,000. (Ex. A, Tab 2, p. 13). Furthermore, Plaintiff claims actual damages of $48,998.69, and has additionally asserted possible recoverable damages of $150,058.40, that are comprised of, *inter alia*, $146,996.07 for economic damages trebled under Section 541 of the Texas Insurance Code (Plaintiff's November 10, 2022 Notice Letter, Ex. B, p. 3-4). Plaintiff seeks to recover the following damages: actual damages; treble damages pursuant to Tex. Ins. Code § 541.152 and Tex. Bus. & Com. Code 17.50(b)(1); exemplary damages; and attorneys' fees (Ex. A, Tab 2, pp. 12, 14). Treble damages and attorneys' fees are included within the amount in controversy when a plaintiff is permitted to recover those damages and fees under applicable law. *See Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A.*, No. 1:19CV210, 2019 U.S. Dist. LEXIS 113424, at *7 (M.D.N.C. July 9, 2019); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Circuit 1998). Although Meridian disputes liability and damages, it is evident from the pleading that Plaintiff alleges claims for monetary relief that, if granted, would exceed $75,000.00, exclusive of interest and costs. Therefore, the amount in controversy requirement is satisfied. *See* 28 U.S.C. ¶ 1332 (a).

**C.    REMOVAL IS TIMELY AND ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

6. The action was filed in state court on February 17, 2023, and Meridian was served

with process on February 24, 2023. This Notice of Removal is, therefore, timely filed within thirty days of service of Plaintiff's pleading on Meridian. *See* 28 U.S.C. § 1446(b).

7. In accordance with 28 U.S.C. § 1446(a) and L.R. 81.1, the following are attached to this notice:

- An index of all documents filed in the state court that clearly identifies each document and indicates the date the document was filed (See Exhibit A);
- A completed civil cover sheet;
- A completed supplemental civil cover sheet;
- A copy of the docket sheet in the state court action;
- Each document filed in the state court action filed as a separate attachment; and
- A separately signed certificate of interested persons.

8. Contemporaneously with the filing of this Notice of Removal, Meridian is giving written notice of the removal to Plaintiff through its attorneys of record and to the clerk of the state court.

9. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal is proper to this District pursuant to 28 U.S.C. § 1441(a) because this District and Division embrace the place in which the state court action is pending.

## II.
## CONCLUSION

WHEREFORE, Meridian respectfully requests that this action now pending in the 48th District Court of Tarrant County, Texas be removed to the United States District Court for the Northern District of Texas, Fort Worth Division. Meridian further requests that this Court grant it any such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Kieran W. Leary*
Kieran W. Leary
State Bar No. 24108517
kieranl@tbmmlaw.com
Orlando Vera, Jr.
State Bar No. 24100018
orlandov@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
(214) 665-0100
(214) 665-0199 (fax)

**ATTORNEY FOR DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

On March 23, 2023, a true copy of the foregoing was served on the following counsel of record pursuant to the Federal Rules of Civil Procedure:

Dugas & Circelli, PLLC
Michelle "Shelly" Calhoun
Texas Bar No. 24068246
scalhoun@dcclawfirm.com
W. Lee Calhoun
Texas Bar No. 24078300
lcalhoun@dcclawfirm.com
Preston J. Dugas, III.
pdugas@dcclawfirm.com
1701 River Run, Suite 703
Fort Worth, Texas 76107

*/s/ Kieran W. Leary*
Kieran W. Leary